UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

STANLEY PARKER,

               Plaintiff,               Case No. 2:18-cv-215

v.                                             Honorable Robert J. Jonker

COLLEEN MYOTTE et al.,

               Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Mansfield, Mastaw, Anderson, Maher, Corrigan, Russell, and MacLaren.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Mail Room Employee Colleen Myotte, Prison Counselor Christopher Mortensen, Resident Unit Manager Paul Mansfield, Administrative Assistant David Mastaw, Grievance Coordinator Unknown Anderson, Mail Room Employee Kirk Maher, Assistant Deputy Warden Unknown Corrigan, MDOC Director Richard Russell, and Warden Duncan MacLaren.

Plaintiff alleges that on July 6, 2017, while he was incarcerated at KCF, Defendant Myotte "cursorily" read the contents of mail addressed to Plaintiff from the office of Scott Lewis Private Investigations in Gross Pointe Farms, Michigan. Defendant Myotte conducted a search of the package and reported that it contained court transcripts belonging to Gerald Crawford. For that reason, Defendant Myotte concluded that the package posed a threat to the security of the institution. Plaintiff requested a hearing on the package rejection, which was held by Defendant Mortensen on July 24, 2017. During the hearing, Plaintiff explained that he was pursuing a claim in which the records in the package showed that the state had withheld evidence at Plaintiff's trial, and that a witness at Plaintiff's trial had been given a favorable plea bargain in exchange for his testimony at Plaintiff's trial. Despite Plaintiff's explanation, Defendant Mortensen upheld the rejection.

Plaintiff filed a grievance regarding the mail rejection, claiming that Defendant Mortensen mistakenly rejected documents relevant to Plaintiff's criminal appeal:

> [Plaintiff] explained that Gerald Crawford isn't a prisoner at KCF [and is not] related to any staff in the MDOC. The documents are in connection with

> [Plaintiff's] case. [Defendant] Mortensen never demonstrated from those documents how they were a threat to the security and good order of this institution as provided by PD 05-03-118 QQ. He uses PD 04-07-112 to support that those materials [don't] meet the criteria to be allowed. In fact, N 2 states in part, "Pleadings, transcripts, court orders, and court opinions arising out of the criminal case for which the prisoner is currently serving, even if there is not pending litigation." It was explained to [Defendant] Mortensen the relevancy of those documents. Crawford is charged with an assault upon [Plaintiff] and [Plaintiff's] co-defendant. The documents are relevant to [Plaintiff's] case, and those transcripts are speaking of [Plaintiff] and [his] criminal case.

(ECF No. 1, PageID.11.)

Defendant Mansfield denied Plaintiff's step I grievance, stating:

> Grievant was interviewed. Grievant was informed that per a conversation with Central Facilities Administration (CFA), it is evident that the material contained in the documents belong[s] to another prisoner. CFA has also indicated that the transcripts include sensitive and personal information about the criminal trial / conviction of another prisoner. As such the document represents a threat to the good order and security of the institution as the personal information contained in the transcripts may be used to cause harm to the parties involved, including witnesses. Based on this information and PD 05.03.118 Prisoner mail the documents were appropriately denied entry into a correctional institution. The Hearing Officer, PC Mortensen determined that disposition of the rejected materials in accordance with PD 04.07.112 which states, "the hearing officer shall complete an Administrative Hearing Report (CSJ-144) to document the findings made at the hearing, including the hearing officer's determination as to disposition of any property found to be contraband." No violation of policy or procedure is established.

(ECF No. 1, PageID.12.) This denial was affirmed by Defendant Corrigan. Plaintiff then filed a step II appeal, which was denied by Defendant MacLaren. Finally, Defendant Russell summarily denied Plaintiff's step III appeal.

Plaintiff alleges that on April 3, 2018, Defendant Myotte again issued a notice of mail rejection for a package which contained the sentencing transcript from *People of the State of Michigan v. Gerald Crawford*. Plaintiff claims that when Defendant Myotte photocopied the front of the box, she deliberately only copied the portion of the box which showed the shipping label addressed to Plaintiff. Plaintiff states that the copy did not show the other side of the box, which

Plaintiff believes showed the sender's address. Defendant Myotte found that the mail constituted a threat to the security and order of the institution. Plaintiff states that the package had been mailed by his attorney Dawn Shad-Sadeghi (P73759). Plaintiff claims that this rejection was motivated by a desire to retaliate against Plaintiff for grieving the July 6, 2017, mail rejection.

Plaintiff's attorney subsequently called Defendant Mortensen regarding the mail rejection and explained that the mail was from her. Defendant Mortensen then conducted a hearing and concluded that the package did not fit the description of PD 05.03.118 (FF), which describes special handling for mail coming from an attorney. Defendant Mortensen stated that the mail was too voluminous to be effectively reviewed and searched, so that it posed a threat to the security and good order of the institution.

Plaintiff grieved the results of the hearing, reiterating that his attorney's phone call was sufficient to show that the mail complied with PD 05.03.118 (FF). Defendant Maher affirmed the decision of Defendant Mortensen and stated that the package did not have a label indicating that it had come from an attorney. Plaintiff appealed to step II and Defendant MacLaren found:

> This Step II respondent has reviewed the documentation and the box labeling. It is found that there is no notation that the box originated from an attorney and it was noted by the mailroom that no notification was found in the box alerting staff to that affect.

(ECF No. 1, PageID.17.) Defendant Russell subsequently denied Plaintiff's step III appeal.

Plaintiff claims that Defendants violated his rights under the First Amendment. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

4

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants Myotte, Mortensen, Mansfield, Corrigan, MacLaren, and Russell all violated his First Amendment right of access to the courts when they prevented him from receiving transcripts of the state court criminal proceedings of Gerald Crawford. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. Mar. 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. Mar. 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994).

Plaintiff claims that Gerald Crawford was a witness for the prosecution during Plaintiff's criminal trial. Crawford testified at trial that he had not been offered any favorable treatment by the prosecutor in exchange for his testimony. Plaintiff states that his private investigator later discovered that, during Crawford's sentencing hearing, both the prosecution and

Crawford admitted to the existence of a plea agreement in exchange for Crawford's testimony during Plaintiff's trial. Plaintiff states that he needed the transcript in order to establish the propriety of a successive motion for relief from judgment pursuant to the newly discovered evidence exception in Michigan Court Rule 6.502(G)(2). Therefore, Plaintiff has alleged facts showing that he was prejudiced by the denial of his incoming mail.

After Defendant Myotte confiscated Plaintiff's mail, Defendant Mortensen conducted a hearing on the mail rejection and concluded that it was proper. Consequently, the Court concludes that Plaintiff's access to courts claim against Defendants Myotte and Mortensen are not clearly frivolous and may not be dismissed on initial review.

Plaintiff also claims that Defendant Myotte retaliated against him for grieving the July 6, 2017, mail rejection by issuing a second mail rejection on April 3, 2018. Plaintiff claims that Defendants Anderson, Mastaw, Maher, MacLaren, and Russell all denied Plaintiff's subsequent grievances in order to cover up the misconduct by Defendant Myotte. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). However, the Court notes that it is not clear that the refusal to allow Plaintiff to possess prisoner Crawford's sentencing transcript is sufficiently adverse to deter a person of ordinary firmness from filing grievances. Regardless, even if Plaintiff could establish the first two prongs of the retaliation analysis, he cannot satisfy the third prong. Plaintiff must establish that the adverse action taken against him was motivated, at least in part, by the protected conduct in which he engaged.

Plaintiff fails to allege facts showing that Defendant Myotte's April 3, 2018, mail rejection was motivated by a desire to retaliate against him for his prior grievances. Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

> Moreover, *Muhammad* does not stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive. In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir.2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, No. 2:08-cv-152, 2010 WL 188731, at *1 (W.D. Mich. Jan. 16, 2010).

In this case, Plaintiff grieved a mail rejection by Defendant Myotte which occurred in July of 2017. Nine months later, in April of 2018, Defendant Myotte rejected a second piece of

mail. Plaintiff's subsequent grievance regarding the rejection was denied at each level for reasons related to the packaging and content of the mail. Plaintiff fails to allege any facts showing that Defendant Myotte was aware of the grievances, or that any of the grievance respondents' decisions were based on retaliatory intent. Therefore, because Plaintiff has not shown that an adverse action was motivated, at least in part, by the protected conduct, his retaliation claim is properly dismissed. Because Plaintiff has failed to show that Defendant Myotte or any other Defendant retaliated against him, his retaliation claim is properly dismissed.

Plaintiff fails to make specific factual allegations against Defendants Mansfield, Anderson, Maher, Corrigan, Russell, and MacLaren, other than his claim that they failed to properly rule on his grievances and grievance appeals. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Mansfield,

Anderson, Maher, Corrigan, Russell, and MacLaren engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Finally, with regard to Defendant Mastaw, the Court notes that it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendant Mastaw in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Mansfield, Mastaw, Anderson, Maher, Corrigan, Russell, and MacLaren will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's retaliation claims against Defendants Myotte and Mortensen. Plaintiff's access to courts claims against Defendants Myotte and Mortensen remain in the case.

An order consistent with this opinion will be entered.


Dated:   February 12, 2019            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE