UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| STANLEY PARKER #249324, | Case No. 2:18-cv-215 |
| Plaintiff, | Hon. Robert J. Jonker |
| | Chief U.S. District Judge |
| v. | |
| COLLEEN MYOTTE, et al., | |
| Defendants. | |
| _____/ | |

# REPORT AND RECOMMENDATION

**I. Introduction**

This is a civil rights action brought by state prisoner Stanley Parker pursuant to 42 U.S.C. § 1983. Parker alleges that Defendants Collen Myotte and Christopher Mortensen violated his First Amendment right to access the courts. Parker says that these Defendants denied him access to mail from a private investigator's office and his attorney. Parker explains that the information in these mailings would show that a witness at his trial lied on the stand and that the prosecutor failed to disclose exculpatory information. He says this information was important to a motion for relief from judgment that Parker was pursuing in state court.

Defendants move to dismiss Parker's First Amendment access-to-the-courts claim. (ECF No. 38.) They argue that *Heck v. Humphrey*, 512 U.S. 477 (1994), and a recent case from the Court of Appeals for the Sixth Circuit – *Sampson v. Garrett*, 917 F.3d 880 (6th Cir. 2019), *cert. denied*, No. 19-5945, 2019 WL 6107824 (U.S. Nov. 18, 2019) – require the dismissal of Plaintiff's § 1983 access-to-the-courts claim. As

stated in *Sampson*, "*Heck* blocks a state prisoner's § 1983 claim if its success 'would necessarily imply the invalidity of his conviction or sentence.' The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus." *Sampson*, 917 F.3d at 881 (quoting *Heck*, 512 U.S. at 487). In the opinion of the undersigned, Parker's claim necessarily implies that that his underlying state conviction is invalid. Accordingly, Parker must litigate his state claim as either a habeas corpus claim or a direct appeal. Thus, I respectfully recommend that the Court grant the motion to dismiss the complaint without prejudice.

## II. Factual Allegations

Parker's complaint asserted First Amendment retaliation and access-to-the-courts claims against by nine Defendants. On February 12, 2019, the Court dismissed all of Parker's retaliation claims and seven of the nine Defendants. (ECF No. 6.) Parker's remaining claim alleges that Defendants Myotte and Mortensen violated his First Amendment rights by denying him access to the courts.

Parker's claim focuses on two incidents. First, he says that, on July 6, 2017, while he was incarcerated at Kinross Correctional Facility (KCF), Defendant Myotte read the contents of mail addressed to Parker from the office of Scott Lewis Private Investigations in Gross Pointe Farms, Michigan. Defendant Myotte conducted a search of the package and reported that it contained court transcripts belonging to Gerald Crawford. For that reason, Defendant Myotte concluded that the package posed a threat to the security of the institution.

Parker requested a hearing on the package rejection. A hearing on this matter was held by Defendant Mortensen on July 24, 2017. During the hearing,

Parker explained that the records in the package showed that the state had withheld evidence at Parker's trial, and that a witness at Parker's trial had been given a favorable plea bargain in exchange for his testimony at Parker's trial. Parker said that this information would assist in a case he was pursuing. Despite Parker's explanation, Defendant Mortensen upheld the rejection.

Parker says that, on April 3, 2018, Defendant Myotte again issued a notice of mail rejection for a package from Parker's attorney that contained the sentencing transcript from *People of the State of Michigan v. Gerald Crawford*. Myotte says he rejected the package because he found it constituted a threat to the security and order of the institution. Parker says the package was shipped to him by his attorney.

Mortenson conducted a hearing on this second package rejection. He concluded that the package was properly rejected because it was too voluminous and could not be reviewed and searched effectively. Thus the package posed a threat to security.

Parker alleges that these actions violated his First Amendment right to access to the courts.

### III. Motion to Dismiss Standard

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their

complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

**IV. Analysis**

Defendants argue that Parker fails to state a claim upon which relief may be granted because his access-to-the-courts claim necessarily implies the invalidity of his criminal conviction and is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants argue that the Court should follow the recent Sixth Circuit recent opinion

in *Sampson v. Garrett*, 917 F.3d 880 (6th Cir. 2019) and dismiss Parker's access-to-the-courts claim.

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted).

In *Sampson*, the Sixth Circuit applied *Heck* to a prisoner's access-to-the-courts claim.[1] Sampson claimed that prison officials confiscated his legal materials including transcripts and exhibits causing a deprivation of right to access the courts

---

[1] In *Lewis v. Casey*, the Supreme Court clarified that prisoners bringing an access-to-court claim must show that they (1) are suffering an "actual injury" by being "frustrated" or "impeded", (2) are bringing a non-frivolous claim, and (3) that their claim relates to their criminal conviction, sentence, or the conditions of their confinement. 518 U.S. 343, 351-53, 355 (1996). Defendants assert that because Parker brought his action under § 1983, any claim in this action that seeks to invalidate his criminal conviction is barred. *Sampson*, 917 F.3d at 881 (quoting *Heck*, 512 U.S. at 487). The claim is barred because the access-to-court claim is ancillary to Parker's efforts to challenge his conviction. Put more simply, prisoners, like Parker, cannot satisfy the first element in *Lewis* because his underlying challenges to their convictions are not lost. *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Prisoners may still bring petitions for a writ of habeas corpus or file for a direct appeal.

to pursue a direct appeal of his criminal conviction. The Sixth Circuit held that if Sampson's access-to-the-courts claim was successful, it would necessarily imply the invalidity of his criminal conviction or sentence. Therefore, the proper procedural avenue for bringing such a claim was in a petition for writ of habeas corpus challenging his conviction, and not in a 42 U.S.C. § 1983 cause of action. *Id.* at 881. The Sixth Circuit explained:

> Sampson maintains that he is entitled to damages because the defendants prevented him from using the trial transcripts and other materials in his direct—and unsuccessful—appeal. He could prevail on that claim only if he showed that the information could make a difference in a nonfrivolous challenge to his convictions. He could win in other words only if he implied the invalidity of his underlying judgment. *Heck* bars this kind of claim.

*Id.* at 881-82.

Here, Parker argues that the withheld materials establish that his conviction must be reversed because his conviction was based upon the perjured testimony from witness Crawford, who failed to disclose that he would receive a benefit for testifying against Parker, and the prosecutor's violation of the disclosure requirements of *Brady v. Maryland* for failing to disclose the agreement. As in *Sampson*, Parker's access-to-the-courts claim, if successful, necessarily implies the invalidity of his criminal conviction. In the opinion of the undersigned, *Heck* and *Sampson* bar this claim.

Parker argues that the Michigan Court Rules only allow one motion for relief from judgment. MCR 6.502(G)(2). Parker says that he already filed one motion for relief from judgment and may not be allowed to file a successive motion in the Michigan state courts. Whether the Michigan courts accept or reject Parker's

successive motion for relief from judgment remains to be seen. *Heck* is only concerned with whether the relief that Parker seeks in his § 1983 action necessarily implies the invalidity of his criminal conviction. *Sampson*, at 881-82. If it does, § 1983 is the improper avenue for challenging Parker's criminal conviction, even under the guise of asserting a violation of Parker's access to the courts.

## V. Recommendation

The undersigned respectfully recommends that the Court grant Defendants' motion to dismiss (ECF No. 18) and dismiss this complaint without prejudice.

Dated:   December 18, 2019              /s/ *Maarten Vermaat*
                                         MAARTEN VERMAAT
                                         U.S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).